Richard SIMS and Janie Marie Sims, individually and as next friend for their minor child, Theresa Marie Sims, and on behalf of all other persons similarly situated, Plaintiffs,

v.

Andrew F. JURAS, individually and as the Executive and Administrative Officer of the Oregon State Public Welfare Commission, Dr. Ennis Keizer, Gene C. Rose, Mrs. James Armpriest, Ray C. Cates, Rev. John H. Jackson, Melvin Hawkins and Mrs. Frank Dickson, individually and as the members of the Oregon State Public Welfare Commission, Defendants.

Civ. No. 69–238.

United States District Court, D. Oregon, Aug. 21, 1969.

Charles J. Merten, Bonnie J. Mentzer, Mervyn H. Loya, Legal Aid Service, Multnomah Bar Assn., Portland, Or., for plaintiffs.

Lee Johnson, Atty. Gen., and Kathryn Kelty, Asst. Atty. Gen., for defendants.

Before JERTBERG, Circuit Judge, and SOLOMON and BELLONI, District Judges.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PER CURIAM.

This action came on for final determination before the Honorable Gilbert H. Jertberg, Gus J. Solomon and Robert C. Belloni on June 23, 1969, upon plaintiffs' request for injunctive and declaratory relief under Title 42 U.S.C. § 1983 to secure rights, privileges and immunities established by the Fourteenth Amendment to the Constitution of the United States and the Social Security Act, Title 42 U.S.C. § 301 et seq., and the regulations promulgated thereunder.

Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1343(3) and § 1343 (4), 42 U.S.C. § 1983 and 28 U.S.C. § 2201 and § 2202, relating to declaratory judgments, and by Title 28 U.S.C. § 2281 and § 2284, relating to three-judge district courts.

After having considered the evidence, arguments of counsel and the authorities submitted, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

(A) Defendants are Andrew F. Juras, the Executive and Administrative Officer of the Oregon State Public Welfare Commission and a citizen of the State of Oregon, and Dr. Ennis Keizer, Gene C. Rose, Mrs. James Armpriest, Ray C. Cates, Rev. John H. Jackson, Melvin Hawkins and Mrs. Frank Dixon, citizens of the State of Oregon and the duly qualified, appointed and acting members of the Oregon State Public Welfare Commission, who are charged under ORS 411.060 and ORS 411.070 with establishing and enforcing rules and regulations governing the state-wide administration of public assistance programs. Among the statutes administered and regulations promulgated by said Commission are the statutes and regulations challenged in this action.

(B) The named plaintiffs are Richard Sims, Janie Marie Sims and their minor child, Theresa Marie Sims. Richard Sims and Janie Marie Sims are adult citizens of the United States, residing in Portland, Oregon, who received public assistance on behalf of themselves and their minor child until aid was terminated without notice of and an opportunity for a hearing prior to termination.

(C) It is the practice and policy under Oregon law and the Oregon State Public Welfare Commission's rules and regulations to terminate or suspend the public assistance grant of a recipient prior to notice of and an opportunity for a hearing in relation thereto regarding said action.

(D) Termination is an action whereby assistance is discontinued and no further services are rendered to recipient.

(E) Suspension is any action whereby assistance is held in abeyance for any length of time because recipient has been found to be temporarily ineligible for assistance or because of doubts concerning his eligibility or questions relating to the amount of assistance to which he is entitled.

(F) All public assistance recipients in the State of Oregon who are wrongfully or incorrectly deprived, in whole or in part, of public assistance are in dire need of the necessities of life.

(G) All recipients of public assistance from the State of Oregon are similarly affected by the statutes, rules and regulations challenged herein, in that all are, by statute, policy, rule and regulation, made subject to ex parte termination or suspension of their aid, without notice of and an opportunity for a hearing prior to such action.

## CONCLUSIONS OF LAW

(A) This action is properly maintained as a class action, the requirements of Rule 23(a) and 23(b) (2) of the Federal Rules of Civil Procedure having been met; the class includes all recipients of public assistance from the State of Oregon.

(B) Plaintiffs have no adequate remedy at law.

■ (C) ORS 412.075, ORS 412.580, ORS 413.100 and ORS 418.125; the rules and regulations of the Oregon State Public Welfare Commission contained in Article IX, Sections 900–912.3 and Volume II, Oregon State Public Welfare Commission Staff Manual, Sections 2960–2970.5; and related statutes, rules and regulations promulgated by the Oregon State Public Welfare Commission, which authorize and require termination or suspension of aid to recipients without affording said recipients a hearing prior to the withdrawal of such assistance, deny due process under the Fourteenth Amendment to the United States Constitution.

■ (D) Due process requires that a recipient of public assistance be afforded upon request and informal hearing prior to termination or suspension of public assistance except in those instances set forth below in Sections (G) and (H).

■ (E) Due process of the Fourteenth Amendment to the United States Constitution requires the following in relation to welfare hearings prior to the agency action affecting a recipient's grant:

■ (1) Written notice to the recipient that his grant is proposed to be terminated or suspended, such notice to be given at least seven days prior to the proposed effective date of said action and informing the recipient:

(a) Of the reason or reasons for the proposed action of the welfare department and the evidence which is the basis of the proposed action;

(b) That he will be afforded upon request an opportunity for hearing before an impartial person prior to termination or suspension of assistance;

(c) That, if a hearing is requested, his assistance will continue pending the hearing and until notice of decision is mailed to him;

(d) Of the method by which he may obtain a hearing;

(e) That he may be represented by others, including legal counsel, and that he may bring witnesses to testify on his behalf;

(f) Of any provision for free legal services.

■ (2) An informal hearing, which includes the following:

(a) Right to appear in person and be represented by others, including legal counsel;

(b) Right to present evidence, oral and documentary, and to present oral and written argument;

(c) Right to bring witnesses;

(d) Right to confrontation and cross-examination of any witness whose testimony or statement is relied upon, in whole or in part, by the welfare department as the basis for its proposed action, when the value of the evidence depends upon a person's reliability or credibility;

(e) Right to examine all documents and records relied upon at the hearing by the welfare department and to question the authenticity thereof;

(f) Impartiality of the person conducting the hearing;

(g) Decision based solely on the evidence presented at the hearing and which includes a statement of the facts upon which it is based and the reasons for the decision.

(3) An opportunity for the recipient (at a reasonable time) prior to the hearing to examine material that will be introduced as evidence and to be informed, upon request, of the source or sources of any evidence to be relied upon by the welfare agency.

(4) Written notice of the decision of the person before whom the hearing is held, such notice to be mailed to the recipient and his counsel or other representative, if any.

(5) Continuance of assistance to the date such notice of decision is mailed to the recipient and his counsel or other representative, if any, or until the proposed effective date of the termination or suspension, whichever occurs later.

(6) Opportunity for the recipient to request a fair hearing before the state agency if aggrieved by the decision of the person conducting the pre-suspension or pre-termination hearing.

■ (F) Due process of the Fourteenth Amendment to the United States Constitution does not require continuation of assistance pending administrative or court appeal, if any, from a prior hearing decision adverse to the recipient.

(G) Notice and a prior hearing are not required when assistance is discontinued for one of the following reasons:

(1) Recipient's death;

(2) Recipient's request that his assistance be discontinued;

(3) Removal of a minor recipient from the home of a relative pursuant to a court order entered after a full hearing or through foster home placement by welfare;

(4) Admission of recipient to a public institution which renders him ineligible for assistance under ORS 412.045(1); 412.520(2), or 413.009(1);

(5) Recipient's whereabouts being unknown to welfare because he has moved from his last known address without notifying welfare and without leaving a forwarding address with the Post Office Department; provided, however, that recipient's check will be made available to him when his whereabouts become known to welfare;

(H) In the event the proposed policy statement appended hereto is adopted by defendants on or before September 5, 1969, no notice and prior hearing will be required with respect to temporary assistance as defined in said statement.

## JUDGMENT

Based upon the Findings of Fact and Conclusions of Law entered herein,

It is hereby ordered as follows:

(1) Defendants are enjoined from enforcing ORS 412.075, ORS 412.580, ORS 413.100 and ORS 418.125; the rules and regulations of the Oregon State Public Welfare Commission contained in Article IX, Sections 900–912.3 and Volume II, Oregon State Public Welfare Commission Staff Manual, Sections 2960–2970.-5; and related statutes, rules and regulations promulgated by the Oregon State Public Welfare Commission, insofar as said statutes and regulations authorize and require termination or suspension of public assistance without a hearing prior thereto.

(2) Defendants are enjoined from failing or refusing to provide, prior to the suspension or termination of public assistance, the notice of hearing and the hearing as set forth in the Conclusions of Law on file herein.

## APPENDIX

2170 *General Assistance.* General Assistance is the State financed program designed to meet the needs of some persons who are not eligible for one of the federally-matched programs, or whose needs are so temporary—less than 30 days—that it is not feasible to process a grant. Some other recipients eligible for a federally-matched program receive GA because of a money management problem.

General Assistance cases are divided into two major groupings: temporary assistance and continuing assistance. In either instance, assistance may be granted in cash or by vendor payment.

Temporary GA is designed to assist those otherwise eligible persons whose need is expected to be of short duration because they are ordinarily able to meet their needs from some other source. An example *might* be the migrant family in emergent need but with no intent to remain in Oregon. All temporary GA cases will receive assistance in the form of one-time cash or vendor payments. The granting of such assistance does not imply eligibility for ongoing assistance. Because of the temporary nature of the eligibility determination, the recipient shall contact the county office to have his eligibility reassessed upon expiration of the period covered by the requisition or one-time money payment.

Continuing GA is intended to meet the need of otherwise eligible persons whose need may be of indefinite duration and who may not be expected to meet their needs from any other source such as employment or benefits from another agency. GA money management cases are included in this group. Most of these cases will receive assistance in the form of continuing cash grants. Others, such as nursing home patients may receive both a cash and a vendor payment. An ongoing entitlement is implied in Continuing GA. Unless their circumstances have changed, these recipients are not expected to contact the county office each month before receiving assistance. The county public welfare department is expected to review eligibility of these recipients at least once every six months; for money management cases, eligibility must be reviewed as required by the federal program for which they are eligible.

With the exception of money management, home for the aged and nursing home cases, all GA is paid at the same standard. (Cross reference to GA Standards Section)